## OLIVER *v.* ÆTNA INDEMNITY COMPANY.

The petition set forth a cause of action, and was not demurrable for any cause alleged.

Submitted February 2,—Decided June 24, 1909.

Complaint. Before Judge Worrill. Randolph superior court. May 13, 1908.

The Ætna Indemnity Company of Hartford, Connecticut, brought an action against W. T. Jay, W. J. Oliver, and J. W. Stanford. The first paragraph of the petition was as follows: "The petition of the Ætna Indemnity Company of Hartford, Connecticut, shows the following facts:" The second paragraph alleged that the defendants, on December 3, 1904, entered into a written agreement with the plaintiff, a copy of which was attached to the petition. This copy, after reciting that the indemnity company had or was about to become surety for Jay on his bond for the faithful execution of his contract to build a court-house for Early

County, contained this language: "a copy of which bond is hereto annexed and forms a part of this agreement. Now therefore, in consideration of the premises and of the sum of one dollar in hand paid to the said parties of the first part [Jay, Oliver, and Stanford having been previously so designated in the copy contract], the receipt whereof is hereby acknowledged, the said parties of the first part do hereby agree and bind themselves and assigns jointly and severally as follows: First: That the said W. T. Jay, party of the first part, shall and will pay in cash to the Ætna Indemnity Company at its office in Atlanta, Ga., in advance on the 8th day of December, 1904, the premium or charge of two hundred dollars made by said company for executing said bond, and continuing the same for the period of one year from the date hereof, and annually in advance thereafter the sum of two hundred dollars, until said company shall in the manner provided by law be discharged or relieved from any and all liability and responsibility arising therefrom and proper legal evidence of such discharge or release be served on said company." Then followed stipulations that the parties of the first part should at all times save the indemnity company harmless from all liability on said bond. No copy of the bond was attached to the petition. The third paragraph of the petition was: "That said W. T. Jay, W. J. Oliver, and J. W. Stanford refused to pay and do still refuse to pay the sum of two hundred dollars due to petitioner under said agreement on the 8th day of Dec., 1905." The fourth paragraph was: "Whereby said W. T. Jay, W. J. Oliver, and J. W. Stanford became indebted to petitioner in the sum of said two hundred dollars and lawful interest thereon from the time said sum became due as aforesaid." The fifth paragraph was merely a prayer for process against defendants.

Oliver and Stanford demurred to the petition, upon the following grounds: (1) It sets forth no cause of action. (2) The alleged cause of action is not set forth in orderly and distinct paragraphs, numbered consecutively, in that paragraphs one and five "are positively disorderly and have no proper place in the numerical order of such paragraphs as set forth allegations of fact such as would seem to call for some answer from the defendants." (3) It does not set forth the entire contract upon which the action is based, as it fails to state, literally or in substance, the bond re-

ferred to in the copy contract annexed to the petition. (4) It affirmatively appears from the copy of the contract attached to the petition that neither Oliver nor Stanford agreed to pay any part of any premium or charge made by plaintiff for executing the bond for Jay or continuing same in force, but, on the contrary, the contract shows that they stipulated only to save plaintiff harmless against any loss which plaintiff might incur under the terms of the bond which it signed as surety for Jay. (5) That under the contract sued on the "said parties of the first part" did not undertake to assume joint obligations to carry out each of the stipulations therein embraced, but only acknowledged themselves to be bound "jointly and severally" with respect to such obligations as each agreed to perform, and only Jay contracted to pay the premiums charged by plaintiff for signing his bond. (6) The petition "fails to disclose that either of these defendants has at any time committed any breach of his obligations under the written contract sued on, or that the plaintiff has ever incurred any loss which either of these defendants is under any duty to make good, or that they or either of them has ever become indebted to the plaintiff in any sum." The demurrer was overruled, and Oliver and Stanford excepted.

*Pottle & Glessner,* for plaintiffs in error.

*R. H. Sheffield,* contra.

FISH, C. J. (After stating the facts.) The fact that the first and last paragraphs of the petition, which set forth no facts calling for an answer, were numbered, was not cause for demurrer. The suit was for the recovery of the annual premium or charge made by the plaintiff for acting as surety for Jay on his bond to Early County, and the petition alleged that the defendants were "due" the plaintiff the sum of two hundred dollars as such premium or charge, under the agreement entered into between plaintiff and defendants, a copy of which was attached as an exhibit to the petition, "whereby [defendants] became indebted to petitioner in the sum of said two hundred dollars and lawful interest thereon from the time said sum became due as aforesaid." The action not being for any loss or damage incurred by plaintiff by reason of its suretyship on Jay's bond, but being predicated upon the contract of defendants to pay the plaintiff the premium above adverted to, it was not necessary to set forth the bond, or to at-

tach a copy thereof as an exhibit to the petition. Under the terms of the contract sued on, the defendants agreed and bound themselves, "jointly and severally," that Jay should pay the plaintiff, as the premium or charge for plaintiff's becoming surety on his bond, the sum of two hundred dollars annually until plaintiff should be discharged or released from all liability on such bond. As the petition alleged that defendants were "due" plaintiff such sum as the premium to be paid, under the terms of the contract, on December 8, 1905, and that the defendants had become "indebted" to plaintiff for such premium with interest thereon from the time that it became "due," such allegations were sufficient, as against a general demurrer, to set forth a liability on the part of defendants for such premium, without an allegation that plaintiff had not been discharged or released from liability as surety on the bond of Jay. No special demurrer went to this point.

We are quite clear that the petition set forth a cause of action and was not subject to any of the demurrers.

*Judgment affirmed. All the Justices concur.*